IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MYCHAL ROBERT HUSTED,

    Plaintiff,

v.

STATE OF OREGON; POLK COUNTY;
POLK COUNTY JAIL; CAPTAIN ISHAM;
DEPUTY REESE; DEPUTY COOK;
DEPUTY KONG, et al.,

    Defendants.

Case No. 3:19-cv-00153-YY

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Santiam Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

## **BACKGROUND**

Plaintiff names as Defendants the State of Oregon, Polk County, the Polk County Jail (the "Jail"), Jail Director Captain Isham, Deputy Reese, Deputy Cook and Deputy Kong. Plaintiff includes the designation "et al" in the caption of his Complaint but does not identify any additional Defendants in the Complaint itself, except that Plaintiff does refer to a Deputy Smalley in one claim.

1 - ORDER TO DISMISS

Plaintiff alleges that while incarcerated at the Polk County Jail from September to October of 2018, Defendants denied Plaintiff proper medical care and his right to doctor-patient privacy.[1] Plaintiff alleges he is on insulin, and that there was no medical staff on duty to properly administer and monitor his medication. Instead, he alleges, Deputies Reese, Cook, Kong, Smalley, and others, who were not properly licensed or trained to give Plaintiff insulin did so, putting Plaintiff's health at risk. Plaintiff also alleges that Deputy Cook denied Plaintiff food "to balance my insulin and sugar needs during my low CBG needs."

By way of remedy, Plaintiff seeks injunctive relief requiring access to medical care for Jail inmates in the future, as well as training for deputies on proper procedures for dealing with medical issues. Plaintiff also seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the

---

[1] It appears from the Complaint that Plaintiff was held as a pre-trial detainee at the Jail.

2 - ORDER TO DISMISS

complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).

A pretrial detainee's claim of denial of adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 794 (2019); *see also Bell v. Wolfish*, 441 U.S. 520, 527 n.16 (1979) (Due Process Clause is relied on for pretrial detainees' claims because a "[s]tate does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law"). The deliberate-indifference standard that applies to a pretrial detainee's medical claim is an objective one rather than subjective, as for a convicted prisoner's claim. In *Gordon*, the Ninth Circuit recently set forth the objective standard applicable to pretrial detainees as follows:

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of serious harm; (iii) the defendant did not take reasonably available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious; and (iv) by not taking such measure, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125.

3 - ORDER TO DISMISS

With regard to Plaintiff's medical treatment at the Jail, Plaintiff presents only conclusory and vague allegations. Specifically, Plaintiff does not allege that he suffered any injury, let alone serious harm, as a result of the Deputies' actions. Accordingly, the Court cannot determine without further clarification whether Plaintiff may state a plausible claim under the Fourteenth Amendment. If Plaintiff amends the Complaint, he should set forth in a short and plain statement what each Defendant did or did not do and how Plaintiff was harmed thereby.

Moreover, the Polk County Jail is not a legal entity capable of being sued under § 1983. *Matthews v. Pierce County Sheriff's Dept.*, Case No. 3:19-cv-05329-RBL-DWC, 2019 WL 2141640, at *3 (W.D. Wash. May 16, 2019). To the extent Plaintiff asserts a claim against the municipality of Polk County, to state such a claim he must show the County's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts to show that Polk County is liable. If Plaintiff amends the Complaint he must allege facts sufficient to meet the required elements of a claim against a municipality and show Polk County violated his constitutional rights.

To the extent Plaintiff seeks injunctive relief requiring Defendants to facilitate access to medical care at the Jail in the future, such a remedy is moot because Plaintiff is no longer incarcerated at the Jail. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (when an inmate

4 - ORDER TO DISMISS

challenges prison conditions at a particular facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim for injunctive relief is moot) ; *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action").

Finally, Plaintiff cannot state a Fourteenth Amendment claim against the State of Oregon. The Eleventh Amendment serves as a jurisdictional bar to suits by private parties against a state or agency unless the state or agency consents to such suit. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978). In the instant case, the State of Oregon has not consented to suit. *See Delong Corp. v. Oregon State Hwy Comm.*, 343 F.2d 911, 912 (9th Cir. 1965) (Oregon has not consented to be sued in federal court or otherwise waived its immunity).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice. Because the Court does not find exceptional circumstances warranting the appointment of counsel at this juncture, Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of May, 2019.

_____
Michael H. Simon
United States District Judge

5 - ORDER TO DISMISS